UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THOMAS RIMINI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 17-10392-LTS |
| J.P. MORGAN SECURITIES LLC, | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON MOTION TO DISMISS (DOC. No. 13)

December 13, 2017

SOROKIN, J.

Thomas Rimini, appearing *pro se*, filed a Complaint against J.P. Morgan Securities LLC ("JPMS") asserting violations of the Sarbanes-Oxley Act of 2002 ("SOX"), the Americans with Disabilities Act of 1990 ("ADA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"). Rimini filed his claims using the form complaint for a civil case, to which he attached a two-page statement of his claim.[1] Docs. No. 1 and 1-1. JPMS has filed a Motion to Dismiss (Doc. No. 13), which Rimini has opposed (Doc. No. 20).

Despite JPMS's assertion that Rimini is a licensed attorney, the Court nonetheless reviews his filings liberally in light of his *pro se* status. JPMS's Motion is ALLOWED as to Rimini's claims for violations of the ADA and Title VII. Rimini's Complaint is utterly devoid of

---

[1] Rimini's attached statement, in one sentence, alleges a breach of contract by virtue of David Duzyk's (Rimini's former manager) violating JPMS's neutral reference policy in a November 8, 2011 email. Doc. No. 1-1 at ¶2. The complaint form fails to mention or assert a breach of contract claim. Doc. No. 1. This claim is DISMISSED. Rimini has not alleged sufficiently the existence of a contract that JPMS could have breached.

any reference to those statutes or factual allegations giving rise to even a conceivable, never mind plausible, claim. Further, Rimini's opposition to the Motion to Dismiss fails to address these claims. Accordingly, they are DISMISSED.

As for his SOX claim, Rimini alleges that he made a complaint with the Occupational Safety and Health Administration and permissibly and timely brought this action in federal court for *de novo* proceedings after the close of SOX's statutory window for the Secretary of Labor to issue a final decision. In further support of this claim, Rimini alleges that JPMS has prevented his reemployment in retaliation for SOX-related whistleblowing and other complaints that he made during and since his employment. Specifically, Rimini alleges that his former manager David Duzyk has thwarted Rimini's employment search in Duzyk's responses to employment verification inquiries. Rimini cites a specific November 8, 2011 email from Duzyk that Rimini first learned of on October 25, 2016. Doc. No. 1-1 at 1.

In order to state a claim for SOX retaliation, Rimini must allege, among other things, that he engaged in SOX-protected activity and that JPMS retaliated against him as a result of this activity. 18 U.S.C. §1514A. Rimini advances such allegations only in the most conclusory fashion; he alleges no facts whatsoever regarding his alleged protected activity or any causal link to retaliation. Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a short and plain statement of the plaintiff's claim, which means that the plaintiff must advance some factual allegations. Although liberally construed when applied to a *pro se* complaint, Rule 8 requires more than Rimini's mere conclusory assertion. Put another way, Rimini has failed to allege sufficient facts that, accepted as true, "allow the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).[2]  The Court therefore DISMISSES Rimini's SOX retaliation claim.

Accordingly, the Motion to Dismiss (Doc. No. 13) is ALLOWED.[3]

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[2] In opposition to the Motion, Rimini submits a declaration (Doc. No. 21) setting forth some factual detail supporting his SOX claim.  In opposing the motion, the declaration suffers from two problems.  First, it is the Complaint, not various supplemental later-filed documents, that defines a plaintiff's claim.  Second, the declaration pleads Rimini out of court.  On the four corners of the declaration, Rimini has failed to plausibly allege a timely claim—i.e., one filed within the 180-day statute of limitations for SOX retaliation claims.  18 U.S. Code §1514A(b)(2)(D).  The only specific retaliation identified by Rimini is the November 8, 2011 email.  Rimini states under oath in his declaration that he interviewed for a job in November, 2011, that the interview went well, that one of the interviewers "explained in our interview" that the interviewer "would contact Mr. David Duzyk for a reference," that Rimini had been "told to expect an offer," and that Rimini was two weeks later "informed by HR that no offer would be extended."  Doc. No. 21 at ¶¶ 58-63.  Given these facts, Rimini's 2015 administrative law filing and 2017 civil action are long past the 180-day filing deadline.  Rimini's further assertion that Rimini knew in 2014 of Duzyk's "efforts to prevent [Rimini] from securing employment" also demonstrates that the July 7, 2015 administrative complaint was past the 180-day filing deadline.  Thus, the declaration fails to save Rimini's Complaint.

[3] Plaintiff's request for oral argument on the motion is DENIED.